1  KNEAFSEY & FRIEND LLP
   SEAN M. KNEAFSEY (SBN 180863)
2  skneafsey@kneafseyfriend.com
   JOYCE J. CHO (SBN 256165)
3  jcho@kneafseyfriend.com
   800 Wilshire Blvd., Suite 710
4  Los Angeles, California 90017
   Phone: (213) 892-1200
5  Fax: (213) 892-1208

6  LAW OFFICES OF JEREMY PASTERNAK
   A Professional Corporation
7  JEREMY PASTERNAK (SBN 181618)
   jdp@pasternaklaw.com
8  445 Bush St., Sixth Floor
   San Francisco, CA 94108
9  Phone: (415) 693-0300
   Fax: (415) 693-0393
10
   Attorneys for Plaintiffs
11
                    UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13

14 | HAKOP ARSHAKYAN, an individual;  | Case No.:
   | MAXIMILIANO LOPES, an individual; |
15 | ROBERTO MACIEL, an individual; and | **COMPLAINT FOR**
   | SANDRO RODRIGUES, an individual,  |
16 |                                    | **(1)   DECLARATORY RELIEF**
   |                                    | **(2)   COPYRIGHT**
17 |           Plaintiffs,              | **        INFRINGEMENT**
   |                                    | **(3)   CONVERSION**
18 |        vs.                         | **(4)   FAILURE TO PAY**
   |                                    | **        MINIMUM WAGE**
19 |                                    | **(5)   FAILURE TO PAY**
   | X17, INC., a California corporation; and | **        OVERTIME WAGES**
20 | FRANCOIS NAVARRE, an individual,  | **(6)   FAILURE TO PROVIDE**
   |                                    | **        MEAL PERIODS**
21 |           Defendants.              | **(7)   FAILURE TO PROVIDE**
   |                                    | **        REST PERIODS**
22 |                                    | **(8)   VIOLATION OF**
   |                                    | **        CALIFORIA BUSINESS AND**
23 |                                    | **        PROFESSIONS CODE §**
   |                                    | **        17200**
24 |                                    | **(9)   HARASSMENT IN**
   |                                    | **        VIOLATION OF THE**
25 |                                    | **        CALIFORNIA FAIR**
   |                                    | **        EMPLOYMENT AND**
26 |                                    | **        HOUSING ACT,**
   |                                    | **        CALIFORNIA GOVT. CODE**
27 |                                    | **        § 12900 ET SEQ.;**
   |                                    | **(10)  FAILURE TO TAKE**
28 |                                    | **        REASONABLE STEPS TO**
   |                                    | **        PREVENT HARASSMENT**

**IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVT. CODE § 12900 ET SEQ.;**

**(11) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVT. CODE § 12900 ET SEQ.;**

**(12) FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVT. CODE § 12900 ET SEQ.**

**(13) HARASSMENT IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Demand for Jury Trial]**

For their Complaint against X17, INC., a California corporation; and FRANCOIS NAVARRE, an individual, Plaintiffs HAKOP ARSHAKYAN, an individual; MAXIMILIANO LOPES, an individual; ROBERTO MACIEL, an individual; and SANDRO RODRIGUES, an individual, (collectively "Photographers"), allege as follows:

**I.    INTRODUCTION AND BACKGROUND FACTS**

1.    For years, Plaintiffs Hakop Arshakyan, Maximiliano Lopes, Roberto Maciel, and Sandro Rodrigues (collectively "Photographers") took thousands of pictures of celebrities which they provided to Francois Navarre, the owner of X17, Inc.  Plaintiffs are informed and believe that Defendants sold and continue to sell these photographs and are generating revenue in the millions of dollars.  Examples of the photographs are attached as Exhibits One through Seven.

2.     Navarre required the Photographers to work extensive hours often around the clock to take these photographs.

3.     In addition to requiring them to work these long hours with no overtime or meal or rest breaks, Navarre would verbally abuse and harass certain of the Photographers.  For example, among other things, Lopes, Maciel, and Rodrigues are Brazilian.  Navarre would routinely call them "monkeys" and tell them to "go back to the jungle" and "eat bananas."

4.     In addition, Navarre also refused to accommodate Arshakyan's diabetic medical condition by refusing to allow him to stop working to eat to accommodate his low blood sugar level.

5.     Navarre told the Photographers that they were "independent contractors," and, as a result, Defendants did not provide them with meal or rest breaks, did not pay them overtime, and did not timely pay them as required for employees under California law.  The Photographers were instead paid a fixed amount and given annual 1099s.

6.     The Photographers bring this action for, among other things, a judicial declaration, establishing whether or not the Photographers were independent contractors or employees and, based on that determination, to obtain the appropriate relief to which they are entitled.

7.     For example, the Photographers did not sign "work for hire" agreements.  As a result, pursuant to federal copyright law, if Photographers are legally determined to be independent contractors then, absent other circumstances, they are the owners of the photographs that they took.  On the other hand, if the Photographers are employees, they are entitled to damages for X17's wage and hour violations.

8.     To ensure that this issue is ripe for adjudication, the Photographers bring this copyright infringement action as to the photographs attached as Exhibits

COMPLAINT

One through Seven with the understanding that any judicial determination would likely be the same for the thousands of additional photographs that they took.

9.     Hakop Arshakyan took the photograph titled "Photograph of Khloe Kardashian," attached as Exhibit 1, and which is the subject of Copyright Application No. 1-3438643847.

10.     Hakop Arshakyan took the photograph titled "Photograph of Kourtney Kardashian," attached as Exhibit 2, and which is the subject of Copyright Application No. 1-3438643644.

11.     Maximiliano Lopes took the photographs titled "Collection of Photographs of Justin Beiber," attached as Exhibit 3, and which is the subject of Copyright Application No. 1-3432711977.

12.     Roberto Maciel took the photographs titled "Khloe Kardashian Photographs," attached As Exhibit 4, and which is the subject of Copyright Application No. 1-3496409636.

13.      Roberto Maciel took the photographs titled "Khloe Kardashian and Kendall Jenner Photographs," attached as Exhibit 5, and which is the subject of Copyright Application No. 1-3491738181.

14.      Roberto Maciel took the photographs titled "Louis Tomlinson Photographs," attached as Exhibit 6, and which is the subject of Copyright Application No. 1-3496409969.

15.     Sandro Rodrigues took the photograph titled "Photograph of Khloe Kardashian," attached as Exhibit 7, and which is the subject of Copyright Application No. 1-3433040401.

16.     Exhibits One through Seven are referred to as the Copyrighted Works.

17.     For ease of reference, the second and third causes of action are referred to the "Copyright Claims."  The third, fourth, fifth, sixth seventh, and eight causes of action are referred to as the "Wage and Hour Claims."

18.     The ninth, tenth, eleventh, and twelfth causes of action are referred to as the "Harassment/Accommodation Claims" which, pursuant to the California Fair Employment and Housing Act, may be brought regardless of whether Plaintiffs are ultimately determined to be independent contractors or employees.

19.     Plaintiffs have filed, within one year of the wrongful acts alleged herein, "Complaint[s] of Discrimination Under The Provisions of The California Fair Employment and Housing Act" with the California Department of Fair Employment and Housing ("DFEH") and Plaintiffs have received from the DFEH their "Right to Sue" Notices and have therefore satisfied the administrative prerequisites for the timely bringing of this suit.

## II.     JURISDICTION AND VENUE

20.     This is a civil action seeking declaratory relief, damages, and injunctive relief against Defendants for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*

21.     This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* and 28 U.S.C. §§ 1331 and 1338.  The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. § 1367.

22.     Plaintiffs are informed and believe, and on that basis allege, that this Court has personal jurisdiction over Defendants because they reside, have extensive contacts with, and conduct business within this judicial district.

23.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendants reside, have extensive contacts with, and conduct business within this judicial district.  In addition, the wrongful acts alleged herein have occurred in whole or in part in this judicial district.

## THE PARTIES

24.     Plaintiff Hakop Arshakyan is an individual who resides in Los Angeles County, California.

25.     Plaintiff Maximiliano Lopes is an individual who resides in Los Angeles County, California.

26.     Plaintiff Roberto Maciel is an individual who resides in Los Angeles County, California.

27.     Plaintiff Sandro Rodrigues is an individual who resides in Los Angeles County, California.

28.     Plaintiffs are informed and believe that Defendant X17, Inc. is a California corporation that conducts business in and has a principal place of business in Los Angeles County, California.

29.     Plaintiffs are informed and believe that Defendant Francois Navarre is an individual who does business as X17, Inc., and resides in and conducts business in Los Angeles County, California.

## FIRST CLAIM FOR RELIEF

### DECLARATORY RELIEF
### 28 U.S.C. § 2201, et seq.

### (By All Plaintiffs Against All Defendants)

30.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

31.     There is a real and actual controversy between Plaintiffs, on the one hand, and Defendants, on the other the other hand, as to whether Plaintiffs own the copyrights in and to the Copyrighted Works, and namely, whether Photographers were independent contractors or employees when they took the photographs that comprise the Copyrighted Works as well as the thousands of other photographs that Photographers took that are now in the possession of Defendants.

- 6 -

32.     The controversy between Plaintiffs and Defendants is thus real and substantial and demands specific relief through a decree of a conclusive character because if Plaintiffs were independent contractors, they should be found to be owners of their respective copyrights in the Copyrighted Works as well as the thousands of photographs that they took that are now in the possession of Defendants.  On the other hand, if they were not independent contractors, but were instead employees, then they are owed substantial damages based on X17's multiple violations of the wage and hour laws of the State of California.

33.     Wherefore, Plaintiffs respectively request a judicial declaration setting forth the rights and legal relations of the parties as to these matters.

## SECOND CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

### (By All Plaintiffs Against All Defendants)

34.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

35.     Plaintiffs assert this Claim in the alternative to their Wage and Hour Claims to the extent it is determined in this action that Plaintiffs are independent contractors under California and federal law and not employees.

36.     Hakop Arshakyan took the photograph titled "Photograph of Khloe Kardashian," attached as Exhibit 1, and which is the subject of Copyright Application No. 1-3438643847.

37.     Hakop Arshakyan took the photograph titled "Photograph of Kourtney Kardashian," attached as Exhibit 2, and which is the subject of Copyright Application No. 1-3438643644.

38.     Maximiliano Lopes took the photographs titled "Collection of Photographs of Justin Beiber," attached as Exhibit 3, and which is the subject of Copyright Application No. 1-3432711977.

39.     Roberto Maciel took the photographs titled "Khloe Kardashian Photographs," attached As Exhibit 4, and which is the subject of Copyright Application No. 1-3496409636.

40.     Roberto Maciel took the photographs titled "Khloe Kardashian and Kendall Jenner Photographs," attached as Exhibit 5, and which is the subject of Copyright Application No. 1-3491738181.

41.     Roberto Maciel took the photographs titled "Louis Tomlinson Photographs," attached as Exhibit 6, and which is the subject of Copyright Application No. 1-3496409969.

42.     Sandro Rodrigues took the photograph titled "Photograph of Khloe Kardashian," attached as Exhibit 7, and which is the subject of Copyright Application No. 1-3433040401.

43.     Plaintiffs are informed and believe that, to the extent they are determined to be independent contractors, they the owners of all rights, title, and interest in the copyrights to each and every one of the photographs that they took which Defendants have reproduced, publicly displayed, distributed and/or otherwise used for purposes of trade in infringement of their respective rights in and to the Copyrighted Works.

44.     Each and every one of the Copyrighted Works reproduced, publicly displayed, distributed and otherwise used for purposes of trade in Exhibits 1-7 substantially consist of material wholly original to Plaintiffs and are copyrightable subject matter under the laws of the United States.

45.     For each and every one of the Copyrighted Works, Plaintiffs have complied in all respects with the Copyright Act and all laws of the United States governing copyrights.

46.     Defendants have directly, vicariously, and/or contributorily infringed and/or induced infringement, and unless enjoined, will continue to infringe Plaintiffs' copyrights by reproducing, displaying, distributing, and utilizing for

- 8 -

purposes of trade unauthorized copies and derivative versions of the Copyrighted Works in violation of 17 U.S.C. § 501 et seq.

47.     Defendants have willfully and intentionally infringed, in disregard of and with indifference to the rights of Plaintiff, and unless enjoined, will continue to infringe Plaintiffs' copyrights by knowingly reproducing, displaying, distributing, and utilizing for purposes of trade derivative versions of the Copyrighted Works and the copyrighted elements therein.

48.     Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization for purposes of trade and promotion of the Copyrighted Works and the copyrighted elements therein.

49.     The said wrongful acts of Defendants have caused, and are causing, great injury to Plaintiffs, the damage of which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiffs will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Plaintiffs seek a declaration that Defendants are infringing Plaintiffs' copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiffs' copyrights.

50.     Plaintiffs have been damaged by Defendants' conduct in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### CONVERSION

### (By All Plaintiffs Against All Defendants)

51.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

52.     Plaintiffs assert this Claim in the alternative to their Wage and Hour Claims to the extent it is determined in this action that Plaintiffs are independent contractors under California and federal law and not employees.

53.     Photographers took literally thousands of photographs that are now in the possession, custody, and control, of Defendants.

54.     Defendants intentionally and substantially interfered with Photographer's property by, among other things, keeping possession of the photographs.

55.     Plaintiffs demand the return of their photographs.

56.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered special damages, including but not limited to economic loss, past and future loss of income, benefits, and other damages to be proven at the time of trial.

57.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered general damages, including but not limited to shock, embarrassment, emotional distress, stress, and other damages to be proven at the time of trial.

58.     Defendants committed their acts herein alleged maliciously, fraudulently and oppressively in conscious disregard of Plaintiffs' rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of officers, directors, and/or managing agents of Defendants.  Plaintiffs are therefore, entitled to recover punitive damages in an amount according to proof at trial.

# FOURTH CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGE AND CLAIM FOR WAITING TIME PENALTIES

### (By All Plaintiffs Against Defendant X17, Inc.)

59.　Plaintiffs incorporate by reference the preceding allegations of this Complaint.

60.　Plaintiffs assert this claim in the alternative to their Copyright Claims to the extent it is determined in this action that Plaintiffs are employees under California law and not independent contractors.

61.　In violation of Labor Code Section 1182.12 and Labor Code Section 200, et seq., Defendant failed to pay Plaintiffs compensation to which they are entitled.

62.　As Plaintiffs have had to hire an attorney to pursue these claims and have and will continue to incur attorneys' fees and costs to secure his rights, Plaintiffs are entitled to recover attorneys' fees and costs as may be provided for by law.

63.　Plaintiffs are informed and believe and thereon allege that the failure of Defendants to pay these sums which were owed to Plaintiffs as of the time of the cessation of their employment was "willful" as that term is defined by the Labor Code, including but not limited to Labor Code Section 203.  Because Defendant's failure to pay Plaintiffs was "willful," Plaintiff s therefore further claim penalties pursuant to Labor Code Section 203.

64.　Plaintiffs have been damaged in an amount to be proven at trial.

COMPLAINT

**FITH CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME WAGES**

**(By All Plaintiffs Against Defendant X17, Inc.)**

65.    Plaintiffs incorporate by reference the preceding allegations of this Complaint.

66.    Plaintiffs assert this Claim in the alternative to their Copyright Claims to the extent it is determined in this action that Plaintiffs are employees under California law and not independent contractors.

67.    In violation of California Labor Code sections 510 and 1194, et seq. and the corresponding regulations set forth at 8 Cal. Code Regs. section 11000, et seq., Defendant failed to pay Plaintiffs "overtime" pay, that is, pay at one and a half times or two times their hourly rate, in an amount according to proof at trial, both during the course of their employment and at the cessation of that employment.

68.    Defendant's conduct was unlawful and Plaintiffs are entitled to compensation for such unlawful conduct in the sum of all unpaid compensation, together with prejudgment interest, in an amount according to proof at the time of trial.

69.    As Plaintiffs have had to hire an attorney to pursue these claims and have and will continue to incur attorneys' fees and costs to secure their rights, Plaintiffs are entitled to recover attorneys' fees and costs as may be provided for by law.

70.    Plaintiffs are informed and believe and thereon allege that the failure of Defendant to pay these sums which were owed to Plaintiffs as of the time of the cessation of their employment was "willful" as that term is defined by the Labor Code, including but not limited to Labor Code section 203.  Because Defendant's failure to pay Plaintiffs was "willful," Plaintiffs therefore further claim penalties pursuant to Labor Code section 203.

71.    Plaintiffs have been damaged in an amount to be proven at trial.

- 12 -

## **SIXTH CLAIM FOR RELIEF**

### **FAILURE TO PROVIDE MEAL PERIODS**

### **(By All Plaintiffs Against Defendant X17, Inc.)**

72.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

73.     Plaintiffs assert this Claim in the alternative to their Copyright Claims to the extent it is determined in this action that Plaintiffs are employees under California law and not independent contractors.

74.     Defendant failed to comply with California Wage Orders by failing to provide required meal periods to Plaintiffs.  Plaintiffs regularly worked in excess of five (5) hours per day without being afforded a meal period of not less than 30 minutes as required by Labor Code sections 226.7 and 512.  Defendant further violated the IWC wage orders and Labor Code section 226.7 by failing to pay Plaintiffs, when not provided a meal period as required by law, an additional one hour of compensation for each day that Defendant failed to provide Plaintiffs with the required meal period.

75.     Defendant's conduct is unlawful and Plaintiffs are entitled to compensation for such unlawful conduct in the sum of all unpaid compensation, together with prejudgment interest, in an amount according to proof at the time of trial.

76.     Plaintiffs request recovery of this compensation, interest, attorney's fees and costs pursuant to Labor Code sections 201-203, 218.5, 510, 515, 550-552, 558, 1194, 1197, and 1198, the relevant and applicable Industrial Wage Commission Orders, as well as assessment of any other statutory penalties against Defendant in a sum provided by the California Labor Code and other applicable statutes.

77.     Plaintiffs have been damaged in an amount to be proven at trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE REST PERIODS

### (By All Plaintiffs Against Defendant X17, Inc.)

78.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

79.     Plaintiffs assert this Claim in the alternative to their Copyright Claims to the extent it is determined in this action that Plaintiffs are employees under California law and not independent contractors.

80.     California Labor Code section 226.7,  Title 8 of the California Code of Regulations § 11050, ¶ 12, and the applicable Industrial Wage Orders required Defendant to authorize and permit rest periods to Plaintiff at the rate of ten minutes per four hours or major fraction thereof.

81.     Defendant violated these provisions of California law by failing and refusing to provide rest breaks.  Defendant further violated the IWC wage orders and Labor Code section 226.7 by failing to pay Plaintiffs, when not provided a rest period as required by law, an additional one hour of compensation for each day that Defendant failed to provide Plaintiffs with the required rest period.

82.     Plaintiffs request recovery of this compensation, interest, attorney's fees and costs pursuant to Labor Code sections 201-203, 218.5, 510, 515, 550-552, 558, 1194, 1197, and 1198, the relevant and applicable Industrial Wage Commission Orders, as well as assessment of any other statutory penalties against Defendant in a sum provided by the California Labor Code and other applicable statutes.

83.     Plaintiffs have been damaged in an amount to be proven at trial.

COMPLAINT

# EIGHTH CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

### (By All Plaintiffs Against Defendant X17, Inc.)

84.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

85.     In violation of California Labor Code sections 201-203, 218.5, 510, 515, 550-552, 558, 1194, 1197, and 1198, Defendant failed to compensate Plaintiffs for all wages.

86.     By virtue of Defendant's aforementioned violations of the law, Defendant has violated the Unfair Competition Law ("UCL"), under section 17200, et seq., of the California Business and Professions Code.

87.     As a direct result of Defendant's violations of the UCL, Defendant has withheld and maintained for Defendant's own use and benefit compensation and other funds referenced herein that were never provided to Plaintiffs but which Plaintiffs have rightfully earned.

88.     Plaintiffs are therefore entitled to restitution in the amount of the value of these sums that Defendant has withheld since the time those wages were earned by Plaintiffs herein.

89.     Plaintiffs are entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this action.

COMPLAINT

## NINTH CLAIM FOR RELIEF

### HARASSMENT IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
**(California Govt. Code § 12900, et seq.)**

**(By Plaintiffs Lopes, Maciel, and Rodrigues Against All Defendants)**

90.     Plaintiffs incorporate by reference the preceding allegations of this Complaint.

91.     Defendants verbally abused and harassed Plaintiffs Lopes, Maciel, and Rodrigues and created a hostile work environment on the basis of their race, color, ancestry, and national origin, by among other things, routinely calling them "monkeys" and telling them to "go back to the jungle" and "eat bananas."

92.     Plaintiffs were harassed based on their race, color, ancestry, and national origin, by Defendants, in violation of the California Fair Employment and Housing Act, in the context of their status as employees and/or independent contractors of Defendants.

93.     Plaintiffs are informed and believe, and thereon allege that Defendants willfully and/or with reckless indifference, violated California Government Code sections 12900, et seq., and discriminated against Plaintiffs as outlined above, on the basis of their race, color, ancestry, and national origin.  Such discrimination has resulted in damage and injury to Plaintiffs as alleged herein.

94.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors, and/or managing agents of Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

95.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered special damages, including but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial.

96.    As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered general damages, including but not limited to shock, embarrassment, emotional distress, stress, and other damages to be proven at the time of trial.

97.    Defendants committed their acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiffs' rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of officers, directors, and/or managing agents of Defendants.  Plaintiffs are therefore, entitled to recover punitive damages in an amount according to proof at trial.

98.    As a result of the conduct of Defendants, Plaintiffs were forced to retain an attorney in order to protect their rights.  Accordingly, Plaintiffs seek the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## TENTH CLAIM FOR RELIEF

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT HARRASSMENT IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### (Govt. Code § 12900, et seq.)

**(By Plaintiffs Lopes, Maciel, and Rodrigues Against All Defendants)**

99.    Plaintiffs incorporate by reference the preceding allegations of this Complaint.

100.    Defendants had a duty to take reasonable steps to prevent harassment from occurring pursuant to the California Fair Employment and Housing Act.  *See* California Government Code section 12940.

101.    Defendants failed to take reasonable steps to prevent discrimination and harassment from occurring, by, among other things, failing to act upon information

that Plaintiffs are is informed and believe was available to them that would have led a reasonable person to prevent the harassment from occurring.

102.   Based on Defendants' conduct, Plaintiffs were damaged in an amount to be proven at trial.

103.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors, and/or managing agents of Defendant who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

104.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered special damages, including but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial.

105.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs have suffered general damages, including but not limited to shock, embarrassment, emotional distress, stress, and other damages to be proven at the time of trial.

106.   Defendants committed their acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiffs' rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of officers, directors, and/or managing agents of Defendants.  Plaintiffs are therefore, entitled to recover punitive damages in an amount according to proof at trial.

107.   As a result of the conduct of Defendants, Plaintiffs were forced to retain an attorney in order to protect their rights.  Accordingly, Plaintiffs seek the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## ELEVENTH CLAIM FOR RELIEF

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### (Govt. Code § 12900, et seq.)

### (By Plaintiff Arshakyan Against All Defendants)

108.   Plaintiffs incorporate by reference the preceding allegations of this Complaint.

109.   During the relevant time period herein, Plaintiff Arshakyan was "a qualified individual with a disability" within the meaning of the California Fair Employment and Housing Act ("FEHA").  More particularly, Plaintiff had a physical impairment that substantially limited one or more of his major life activities, had a record of such an impairment, and was regarded as having such impairment.  In addition, Plaintiff was an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his position for Defendants.

110.   Defendants were required to undertake a reasonable investigation of Plaintiff's request for an accommodation for his disability, and to continue to provide a reasonable accommodation for the known physical limitations of Plaintiff, but failed to do so.  Such accommodation included but was not limited to simply provide Plaintiff with an opportunity to take meal and rest breaks to eat to accommodate his low blood sugar level which he has as a result of the fact that he suffers from diabetes.

111.   Defendant was required to engage in a good faith interactive process to determine if Plaintiff's disability could be accommodated without undue hardship, but failed to do so.

112.   At all times herein mentioned, Plaintiff was willing and able to perform the duties and functions of his position if such reasonable accommodation had been made by Defendant.  At no such time would the performance of the employment

- 19 -

position, with a reasonable accommodation for Plaintiff's disability, have been a danger to the health and safety of Plaintiff or any other person.

113.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered special damages, including but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial.

114.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment,  humiliation, emotional distress, stress, and other damages.  The specific amount of these damages is currently unknown and to be proven at the time of trial.

115.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors, and/or managing agents of Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

116.   As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

## TWELFTH CLAIM FOR RELIEF

**FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS REGARDING ACCOMMODATION OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**(Govt. Code § 12900, et seq.)**

### (By Plaintiff Arshakyan Against All Defendants)

117. Plaintiffs incorporate by reference the preceding allegations of this Complaint.

118. Plaintiff Arshakyan is "a qualified individual with a disability" within the meaning of the California Fair Employment and Housing Act. More particularly, Plaintiff had a physical impairment that substantially limited one or more of his major life activities, had a record of such an impairment, and/or was regarded by Defendant as having such an impairment. In addition, Plaintiff was an individual with a disability who, with or without reasonable accommodation, could have performed the essential functions of his employment position for Defendant.

119. Defendant was required to engage in a good-faith interactive process with Plaintiff to determine if appropriate accommodations for Plaintiff's disability could be provided. Defendant failed to do so.

120. At all times herein mentioned, Plaintiff was willing and able to engage in a good faith interactive process and to perform the duties and functions of his employment position if such reasonable accommodation had been made by Defendants. At no such time would the performance of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to the health and safety of Plaintiff or any other person.

121. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages. The specific amount of these damages is currently unknown and to be proven at the time of trial.

122.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

123.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors, and/or managing agents of Defendant who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

124.   As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## THIRTEENTH CLAIM FOR RELIEF

## HARASSMENT IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### (Govt. Code § 12900, et seq.)

### (By All Plaintiffs Against All Defendants)

125.   Plaintiffs incorporate by reference the preceding allegations of this Complaint.

126.   Plaintiffs Lopes, Maciel, and Rodrigues, on the basis of their race, color, ancestry, national origin, citizenship, primary language, and/or immigration status are protected by California Civil Code Section 51, et seq.

127.   Plaintiff Arshakyan, on the basis that is he a qualified individual with a disability, is protected by California Civil Code Section 51, et seq.

128.   As is set forth above, Defendants denied Plaintiffs equal accommodations, advantages, privileges, and/or services all in violation of the Unruh Civil Rights Act, Civil Code § 51 et seq.

COMPLAINT

129.   Defendants have harassed Plaintiffs Lopes, Maciel, and Rodrigues as set forth above and created a hostile work environment.

130.    Defendants have harassed Plaintiff Arshakyan as set forth above on the basis of his disability.

131.   As a direct, legal, and proximate result of the aforesaid acts and violations of the law on behalf of Defendants, Plaintiffs have suffered injury including but not limited to special, general, and/or statutory damages in an amount to be proven at trial.

132.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors, and/or managing agents of Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

133.   The conduct of Defendants as described herein was oppressive, fraudulent and malicious, and was done in conscious disregard of the rights of Plaintiffs and/or with wanton and/or reckless disregard for her rights and was conducted by officers, directors, and/or managing agents of Defendants.  Plaintiffs are thereby entitled to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of them, and in an amount to conform to proof.

134.   As a result of the illegal conduct outlined, *supra*, Plaintiffs retained attorneys to protect their rights.  Therefore, Plaintiffs also seek an award of costs and attorneys' fees pursuant to statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

(1)   A judicial declaration of the rights, obligations, and legal status of the parties including, but not limited to, whether Plaintiffs were employees or independent contractors of Defendant X17, Inc. and the related ownership issues

pertaining to the Copyrighted Works and the thousands of other photographs of Plaintiffs that are in the possession, custody and control of Defendants.

(2)   A permanent injunction providing that Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons acting in concert or participation with them be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transacting in any anything that infringes, contributorily infringes, or vicariously infringes upon Plaintiffs' rights in the Copyrighted Works or any other copyrighted work of Plaintiffs or any of the thousands of other photographs taken by Plaintiffs that are in the possession, custody or control of Defendants;

(3)   For actual damages for copyright infringement pursuant to 17 U.S.C §§ 504(a)(1) & (b);

(4)   For a disgorgement by Defendants to Plaintiffs of all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiffs for all damages suffered by Plaintiffs by reasons of Defendants' acts pursuant to 17 U.S.C. § 504(a)(1) & (b);

(5)   To the extent allowed by law, for statutory damages for each and every act of copyright infringement including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) ;

(6)   For costs and interest to the extent allowed by law pursuant to 17 U.S.C. § 505;

(7)   For reasonable attorneys' fees to the extent allowed by law pursuant to 17 U.S.C. § 505;

(8)   For unpaid wages, including, but not limited to, minimum wage, unpaid overtime, and unpaid meal and rest breaks;

(9)   For waiting time penalties pursuant to Labor Code section 203;

(10)   For general and special damages as permitted by law;

- 24 -

(11)   For restitutionary damages;

(12)   For unjust enrichment;

(13)   For punitive and exemplary damages;

(14)   Prejudgment interest to the extent allowed by law;

(15)   Attorney's fees and costs as otherwise allowed by law; and

(16)   For such other and further relief as the Court deems just and equitable.

DATED:  June 16, 2016            KNEAFSEY & FRIEND LLP

                                 By _____ */s/ Sean M. Kneafsey*_____

                                          Sean M. Kneafsey
                                 Attorneys for Plaintiffs

- 25 -

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  June 16, 2016              KNEAFSEY & FRIEND LLP


By _____ */s/ Sean M. Kneafsey*_____
                              Sean M. Kneafsey
Attorneys for Plaintiffs

DEMAND FOR JURY TRIAL