THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (CA # 180863)
skneafsey@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

LAW OFFICES OF JEREMY PASTERNAK
A Professional Corporation
JEREMY PASTERNAK (CA # 181618)
jdp@pasternaklaw.com
445 Bush St., Sixth Floor
San Francisco, CA 94108
Phone: (415) 693-0300
Fax: (415) 693-0393

*Attorneys for Plaintiffs*

[DEFENDANTS' COUNSEL ON NEXT PAGE]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKOP ARSHAKYAN, an individual; MAXIMILIANO LOPES, an individual; ROBERTO MACIEL, an individual; and SANDRO RODRIGUES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> X17, INC., a California corporation; and FRANCOIS NAVARRE, an individual, <br><br> Defendants. | Case No. 2:16-cv-04305-TJH-RAO <br> Hon. Terry J. Hatter, Jr. <br><br> **STIPULATED PROTECTIVE ORDER**[1] |

AND RELATED COUNTER-CLAIMS

---

[1] This Stipulated Protective Order is based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET

ONE LLP
John Tehranian (CA # 211616)
  *jtehranian@onellp.com*
Christopher W. Arledge (CA # 2200767)
  *carledge@onellp.com*
Oscar M. Orozco-Botello (CA # 313104)
  *oobotello@onellp.com*
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

*Attorneys for Defendants*
*X17, Inc. and François Navarre*

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
D. Greg Durbin, (CA # 81749)
  *greg.durbin@mccormickbarstow.com*
Laura A. Wolfe, (CA # 266751)
  *laura.wolfe@mccormickbarstow.com*
Shane G. Smith, (CA # 272630)
  *shane.smith@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

*Attorneys for Defendant*
*François Navarre*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET

2

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

1.  **A. PURPOSE AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**B. GOOD CAUSE STATEMENT**

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a)    Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b)    The names of a Party's vendors, distributors, consultants, contractors, or customers (or other information tending to reveal their identities);

c)    Agreements with third-parties;

d)    Proprietary news and information-gathering techniques;

e)    Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance, income, or other non-public tax information;

f)    Information related to internal operations, including personnel

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATED PROTECTIVE ORDER

2:16-cv-04305-TJH-RAO

information; and,

     g)    Trade secrets (as defined by the jurisdiction in which the information is located).

Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the Designating Party would not release publicly. Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information. Such information will have been developed at the expense of the Producing Party and represent valuable tangible and intangible assets of that Party. Additionally, privacy interests must be safeguarded.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties respectfully submit that there is good cause for the entry of this Stipulated Protective Order.

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). A specific showing of good cause or compelling reasons, with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY does not — without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

///

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

## 2.  DEFINITIONS

2.1.  <u>Action</u>: The above-captioned lawsuit *Ashakyan, et al. v. X17, Inc., et al.*, No. 2:16-cv-04305-TJH-RAO pending in the U.S. District Court for the Central District of California.

2.2.  <u>ATTORNEYS' EYES ONLY</u>: Those CONFIDENTIAL documents, correspondence, ESI, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom which the Designating Party in good faith believes is highly confidential such that disclosure to the Receiving Party might cause competitive harm to the Designating Party.  Information and material that may be subject to this protection includes, but is not limited to, financial statements, proprietary technical and/or internal process information, documents related to intellectual property in development or which is the subject of a non-public application, financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, actual or prospective contractor lists, purchase prices, and sales pricing), trade secrets, proprietary items or information, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Additionally, relevant documents related to employment or employment-related disclosures of any individual who is *not* a Plaintiff in the Action shall be made pursuant to a "ATTORNEYS' EYES ONLY" designation to protect the privacy of these individuals.

2.3.  <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.4.  <u>CONFIDENTIAL</u>: Those information (regardless of how it is generated, stored, or maintained), items, or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5.  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2:16-cv-04305-TJH-RAO

2.6.   <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7.   <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.8.   <u>ESI</u>: Electronically-Stored Information as that term is used in Federal Rule of Civil Procedure 34(a).

2.9.   <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.10.  <u>House Counsel</u>: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11.  <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12.  <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action, but who are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and including their support staff.

2.13.  <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

2.14. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.17. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18. <u>Support Personnel</u>: Personnel who support an Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work; *see also* Paragraph 7.1 below.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover Protected Material (as defined above), and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.1. <u>Exclusions</u>. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including by becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET

8

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

Designating Party; and (c) any Protected Material that is disclosed at trial that was not afforded protection by the trial judge.

3.2. Nothing in this Stipulated Protective Order shall govern or apply to a Party's use or disclosure of its own Disclosure or Discovery Material.

3.3. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained as CONFIDENTIAL pursuant to this protective order will become public and will be presumptively available to all members of the public, including the press, when it is used or introduced as an exhibit at trial *unless* compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

1  to unnecessarily encumber the case development process or to impose unnecessary
2  expenses and burdens on other parties) may expose the Designating Party to sanctions.
3      If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.
6      5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
9  under this Order must clearly be so designated before the material is disclosed or
10  produced.
11      Designation in conformity with this Order requires:
12      (a)  for information in documentary form (*e.g.,* paper or electronic
13  documents, but excluding transcripts of depositions or other pretrial or trial
14  proceedings), that the Producing Party affix, at a minimum, the appropriate legend
15  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains
16  protected material so designated. If only a portion of the material on a page qualifies
17  for protection, the Producing Party also must clearly identify the protected portion(s)
18  (*e.g.,* by making appropriate markings in the margins).
19      A Party or Non-Party that makes original documents available for inspection
20  need not designate them for protection until after the inspecting Party has indicated
21  which documents it would like copied and produced. During the inspection and before
22  the designation, all of the material made available for inspection shall be deemed
23  "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
24  documents it wants copied and produced, the Producing Party must determine which
25  documents, or portions thereof, qualify for protection under this Order. Then, before
26  producing the specified documents, the Producing Party must affix the
27  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, as appropriate, to each
28  page that contains Protected Material. If only a portion of the material on a page

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET

10                                      2:16-cv-04305-TJH-RAO
STIPULATED PROTECTIVE ORDER

1  qualifies for protection, the Producing Party also must clearly identify the protected

2  portion(s) (*e.g.,* by making appropriate markings in the margins).

3  (b) for testimony given in depositions that involves a disclosure of

4  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information of

5  any Party, said deposition or portions thereof shall be designated as containing

6  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material subject to the

7  provisions of this Protective Order at the time the deposition is taken whenever

8  possible; *however*, any Party shall have until twenty-one (21) days after receipt of the

9  deposition transcript within which to designate, in writing, those portions of the

10  transcript it wishes to remain designated as "CONFIDENTIAL" or "ATTORNEYS'

11  EYES ONLY," and the right to make such designation shall be waived unless made

12  within the twenty-one (21) day period. During such twenty-one (21) period, the

13  entirety of the transcript shall be deemed designated "ATTORNEYS' EYES ONLY" to

14  preserve the right of any Party to make a designation of "CONFIDENTIAL" or

15  "ATTORNEYS' EYES ONLY" during that twenty-one (21) day period.

16  (c) for information produced in some form other than documentary and for

17  any other tangible items, that the Producing Party affix in a prominent place on the

18  exterior of the container or containers in which the information is stored the legend

19  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate. If only a

20  portion or portions of the information warrants protection, the Producing Party, to the

21  extent practicable, shall identify the protected portion(s).

22  5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

23  failure to designate qualified information or items does not, standing alone, waive the

24  Designating Party's right to secure protection under this Stipulated Protective Order for

25  such material. Upon timely correction of a designation, the Receiving Party must make

26  reasonable efforts to assure that the material is treated in accordance with the provisions

27  of this Order.

28  ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET

11

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging with a description of the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith, and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 5 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first *or* establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion seeking relief from the Court must comply with Local Rule 37 *et seq.*, including the Joint Stipulation requirement. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2:16-cv-04305-TJH-RAO

1  required declaration within twenty-one (21) days (or seven (7) days, if applicable), shall

2  automatically waive the confidentiality designation for each challenged designation. In

3  addition, the Challenging Party may file a motion challenging a confidentiality

4  designation at any time if there is good cause for doing so, including a challenge to the

5  designation of a deposition transcript or any portions thereof. Any motion brought

6  pursuant to this provision must be accompanied by a competent declaration affirming

7  that the movant has complied with the meet and confer requirements imposed by the

8  preceding paragraph.

9      6.4.   <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge

10  proceeding shall be on the Designating Party. Frivolous challenges, and those made for

11  an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on

12  other parties) may expose the Challenging Party to sanctions. Unless the Designating

13  Party has waived or withdrawn the confidentiality designation, all parties shall continue

14  to afford the material in question the level of protection to which it is entitled under the

15  Producing Party's designation until the Court rules on the challenge.

16  7.    <u>EXPERTS & CONSULTANTS</u>

17      7.1.   <u>Persons Covered By This Provision</u>. The procedure specified under

18  Paragraph 7.2 shall apply to Experts expressly retained by Counsel to assist in the

19  preparation of this litigation for trial, whether or not the Expert is expected to testify at

20  trial or not, as well as any personnel who support such Expert's work under the

21  Expert's direction and supervision, and who are necessary for the completion of that

22  work ("Support Personnel"). Disclosures to any such Support Personnel are to be

23  limited to only those disclosures necessary to assist the Expert.

24      7.2.   <u>Procedure for Including Experts & Consultants Under the Protective</u>

25  <u>Order</u>. As a condition precedent to disclosure of any CONFIDENTIAL and/or

26  ATTORNEYS' EYES ONLY materials to an individual described in Paragraph 7.1

27  above, Counsel for the Receiving Party shall require the Expert and his/her Support

28  Personnel (if any) to execute the form of Exhibit A attached hereto. Such executed

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

1  Exhibit A shall be maintained by Counsel for the Receiving Party for the term of this

2  Stipulated Protective Order. (*See* Paragraphs 4 and 14.)

3  8.    ACCESS TO AND USE OF PROTECTED MATERIAL

4        8.1.    Basic Principles. A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a Non-Party in connection with this

6  Action only for prosecuting, defending, or attempting to settle this Action.  Such

7  Protected Material may be disclosed only to the categories of persons and under the

8  conditions described in this Order.  When the Action has been terminated, a Receiving

9  Party  must  comply  with  the  provisions  of  paragraph  14  below  (FINAL

10 DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons

13 authorized under this Stipulated Protective Order.

14      8.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

15 ordered by the Court or permitted in writing by the Designating Party, a Receiving

16 Party may only disclose information or items designated "CONFIDENTIAL" to:

17          (a) the Receiving Party's Outside Counsel of Record in this Action, as

18 well as employees of said Outside Counsel of Record to whom it is reasonably

19 necessary to disclose the information for this Action;

20          (b) the officers, directors, and employees (including House Counsel) of the

21 Receiving Party to whom disclosure is reasonably necessary for this Action;

22          (c) Experts and their Support Personnel (as defined in ¶¶ 2.18 and 7.1 of

23 this Order) of the Receiving Party to whom disclosure is reasonably necessary for

24 this Action and who have signed the "Acknowledgment and Agreement to Be

25 Bound" (Exhibit A);

26          (d) the Court and its personnel;

27          (e) court reporters, videographers, and their staff;

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street

14

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

1     (f) professional jury or trial consultants, mock jurors, and Professional

2 Vendors to whom disclosure is reasonably necessary for this Action and who have

3 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4     (g) the author or recipient of a document containing the information or a

5 custodian or other person who otherwise possessed or knew the information;

6     (h) during their depositions, witnesses, and attorneys for witnesses, in the

7 Action to whom disclosure is reasonably necessary, *provided*: (1) the deposing party

8 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

9 not be permitted to keep any confidential information unless otherwise agreed by the

10 Designating Party or ordered by the Court. Pages of transcribed deposition

11 testimony or exhibits to depositions that reveal Protected Material may be separately

12 bound by the court reporter and may not be disclosed to anyone except as permitted

13 under this Stipulated Protective Order; and

14     (i) any mediator or settlement officer, and their supporting personnel,

15 mutually agreed upon by any of the parties engaged in settlement discussions.

16     8.3.   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

17 Unless otherwise ordered by the Court or permitted in writing by the Designating Party,

18 a Receiving Party may only disclose information or items designated "ATTORNEYS'

19 EYES ONLY" to:

20     (a) the Receiving Party's Outside Counsel of Record in this Action, as

21 well as employees of said Outside Counsel of Record to whom it is reasonably

22 necessary to disclose the information for this Action;

23     (b) Experts and their support personnel (as defined in this Stipulated

24 Protective Order) of the Receiving Party to whom disclosure is reasonably necessary

25 for this Action and who have signed the "Acknowledgment and Agreement to Be

26 Bound" (Exhibit A), *except* that the Experts who may view "ATTORNEYS' EYES

27 ONLY" information cannot be employees or independent contractors of the Receiving

28 Party or any of its subsidiaries or affiliated companies;

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

1    (c) the Court and its personnel;

2    (d) court reporters, videographers, and their staff;

3    (e) professional jury or trial consultants, mock jurors, and Professional

4    Vendors to whom disclosure is reasonably necessary for this Action and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), *except* that

6    the consultants and Professional Vendors who may view "ATTORNEYS' EYES

7    ONLY" information cannot be employees or independent contractors of the

8    Receiving Party or any of its subsidiaries or affiliated companies;

9    (f) the author or recipient of a document containing the information or a

10   custodian or other person who otherwise possessed or knew the information;

11   (g) during their depositions, witnesses, and attorneys for witnesses, in the

12   Action to whom disclosure is reasonably necessary, *provided*: (1) the deposing party

13   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

14   not be permitted to keep any confidential information unless otherwise agreed by the

15   Designating Party or ordered by the Court.   Pages of transcribed deposition

16   testimony or exhibits to depositions that reveal Protected Material may be separately

17   bound by the court reporter and may not be disclosed to anyone except as permitted

18   under this Stipulated Protective Order; and

19   (h) any mediator or settlement officer, and their supporting personnel,

20   mutually agreed upon by any of the parties engaged in settlement discussions.

21   9.    PROTECTED MATERIAL THAT IS SUBPOENAED OR ORDERED

22         PRODUCED IN OTHER LITIGATION

23       If a Party is served with a subpoena or a court order issued in other litigation

24   that compels disclosure of any information or items designated in this Action as

25   "CONFIDENTIAL," that Party must:

26       (a) promptly notify the Designating Party in writing.  Such notification

27   shall include a copy of the subpoena or court order;

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET

1   (b) promptly notify, in writing, the party who caused the subpoena or
2   order to issue in the other litigation that some or all of the material covered by the
3   subpoena or order is subject to this Stipulated Protective Order. Such notification
4   shall include a copy of this Stipulated Protective Order; and

5   (c) cooperate with respect to all reasonable procedures sought to be
6   pursued by the Designating Party whose Protected Material may be affected.

7   If the Designating Party timely seeks a protective order, the Party served with
8   the subpoena or court order shall not produce any information designated in this
9   action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a
10  determination by the court from which the subpoena or order issued, unless the Party
11  has obtained the Designating Party's permission. The Designating Party shall bear
12  the burden and expense of seeking protection in that court of its Protected Material,
13  and nothing in these provisions should be construed as authorizing or encouraging a
14  Receiving Party in this Action to disobey a lawful directive from another court.

15  10.  A NON-PARTY'S PROTECTED MATERIAL THAT IS SOUGHT TO
16      BE PRODUCED IN THIS LITIGATION

17  (a)  The terms of this Order are applicable to information produced by a Non-
18  Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES
19  ONLY." Such information produced by Non-Parties in connection with this litigation is
20  protected by the remedies and relief provided by this Stipulated Protective Order.
21  Nothing in these provisions should be construed as prohibiting a Non-Party from
22  seeking additional protections.

23  (b)  In the event that a Party is required, by a valid discovery request, to
24  produce a Non-Party's confidential information in its possession, and the Party is
25  subject to an agreement with the Non-Party not to produce the Non-Party's confidential
26  information, then the Party shall:

27  (1)  promptly notify in writing the Requesting Party and the Non-Party
28  that some or all of the information requested is subject to a confidentiality agreement

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2:16-cv-04305-TJH-RAO

STIPULATED PROTECTIVE ORDER

1 with a Non-Party;

2        (2)    promptly provide the Non-Party with a copy of the Stipulated

3 Protective Order in this Action, the relevant discovery request(s), and a reasonably

4 specific description of the information requested; and

5        (3)    make the information requested available for inspection by the Non-

6 Party, if requested.

7     (c)    If the Non-Party fails to seek a protective order from this Court within

8 14 days of receiving the notice and accompanying information, the Receiving Party

9 may produce the Non-Party's confidential information responsive to the discovery

10 request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

11 produce any information in its possession or control that is subject to the confidentiality

12 agreement with the Non-Party before a determination by the Court. Absent a Court

13 order to the contrary, the Non-Party shall bear the burden and expense of seeking

14 protection in this Court of its Protected Material.

15 11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17 Protected Material to any person or in any circumstance not authorized under this

18 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

19 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

20 all unauthorized copies of the Protected Material, (c) inform the person or persons to

21 whom unauthorized disclosures were made of all the terms of this Order, and

22 (d) request that such person or persons execute the "Acknowledgment and Agreement

23 to Be Bound" that is attached hereto as Exhibit A.

24 12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

25     <u>PROTECTED MATERIAL</u>

26     When a Producing Party gives notice to Receiving Parties that certain

27 inadvertently produced material is subject to a claim of privilege or other protection, the

28 obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

2:16-cv-04305-TJH-RAO

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

13.    MISCELLANEOUS

13.1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use, in evidence, any of the material covered by this Protective Order.

13.3. <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2:16-cv-04305-TJH-RAO

or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Paragraph 4 (DURATION).

15. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: November 28, 2017  **THE KNEAFSEY FIRM, INC.**

By:  /s/ Sean M. Kneafsey
     Sean M. Kneafsey
     *Attorneys for Plaintiffs*

Dated: November 28, 2017  **ONE LLP**

IT IS SO ORDERED.

DATED: _11-29-17_____

Rozella a. Ol___
UNITED STATES MAGISTRATE JUDGE

By: /s/ Oscar M. Orozco-Bottello
    John Tehranian
    Christopher W. Arledge
    Oscar M. Orozco-Bottello
    *Attorneys for Defendants X17, Inc.*
    *and Mr. François Navarre*

Dated: November 28, 2017

**McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP**

By: /s/ Shane G. Smith
          D. Greg Durbin
          Laura A. Wolfe
          Shane G. Smith
          *Attorneys for Defendant*
          *Mr. François Navarre*

-oOo-

## SIGNATURE ATTESTATION

I hereby attest that concurrence has been obtained from Sean M. Kneafsey, counsel for Plaintiffs, and from Oscar M. Orozco-Bottello, counsel for Defendants X17, Inc. and Mr. Francois Navarre, as indicated by a "conformed" signature (/s/) within this e-filed document.

/s/   Shane G. Smith

2:16-cv-04305-TJH-RAO

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

-oOo-

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:_____


_____

HON. ROZELLA A. OLIVER

United States Magistrate Judge

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2:16-cv-04305-TJH-RAO

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read, in its entirety, and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Ashakyan, et al. v. X17, Inc., et al.*, No. 2:16-cv-04305-TJH-RAO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____

03238-03023 4642404.7

2:16-cv-04305-TJH-RAO

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720