Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Non-Party
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKOP ARSHAKYAN et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> X17, INC. et al., <br><br> *Defendants*. | Case No.: 2:16-cv-4305 TJH (RAOx) <br><br> **NON-PARTY BACKGRID USA, INC.'S OPPOSITION TO EX PARTE APPLICATION (ECF 172)** |

Non-party BackGrid USA, Inc. opposes the Ex Parte Application for Relief to Add Necessary Party BackGrid USA (ECF 172), filed by Defendant-Counterclaimant X17, Inc. and Defendant Francois Navarre ("Applicants").

The Application should be denied for at least the following reasons:

1.      *BackGrid was not given notice of the Application*. Although a non-party, BackGrid previously appeared in this action in relation to a discovery dispute. (ECF 75.) Nevertheless, Applicants did not give BackGrid notice of this application, which clearly affects its interests.

2.      *The Application is improper*. An ex parte application is inappropriate for the purpose of adding a party. If Applicants believe that BackGrid is an indispensable party, then the proper procedure would be to seek leave to file a complaint (or cross-complaint) in interpleader. Applicants have not done so.

3.     *BackGrid is not a necessary party*. Applicants have failed in their showing that BackGrid is a necessary party under Fed. R. Civ. P. 19(a). "Under [Rule] 19(a), a necessary party is a person 'having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1980)); *see also Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 2d 1267, 1282 (C.D. Cal. 2015) ("a party is necessary under [Rule 19(a)] if a failure to join will lead to separate and redundant actions") (internal quotation marks omitted). That is not the case here, and Applicants have made no attempt to demonstrate otherwise—indeed, Applicants have not even cited relevant authority. Applicants argue only that BackGrid might, in their view, have relevant information or documents.[1] That does not make BackGrid indispensable.

For at least the following reasons, Applicant's ex parte application should be denied.

Dated:  October 17, 2019             Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
       Peter E. Perkowski

       Attorneys for Non-party
       BACKGRID USA, INC.

---

[1] In reality, any information that BackGrid might have about the plaintiffs is wholly irrelevant to this proceeding. Even accepting as true Applicant's argument that plaintiffs were employed at BackGrid—which BackGrid does not concede—that fact has not bearing on whether plaintiffs were employees of defendant X17.